ARBANA W. DEARBORN *vs.* HENRY W. VALPEY & another.

Essex. November 6, 1890. — January 8, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Landlord and Tenant — Lease — Eviction — Recovery of Consideration.*

If a lease is given by a lessor at a lower rent than might have been obtained for the premises, in consideration of the delivery by the lessee to the lessor of certain shares of stock at an agreed value, the lessee, if illegally evicted during the term, cannot recover the price of such stock from the lessor in an action of contract.

CONTRACT to recover $2,500, the price of certain shares of stock sold and delivered by the plaintiff to the defendants. Trial in the Superior Court, before *Sherman*, J., who ruled that the action could not be maintained, and directed a verdict for the defendants; and the plaintiff alleged exceptions. The facts appear in the opinion.

*J. H. Sisk,* for the plaintiff.

*W. H. Niles & G. J. Carr,* for the defendants.

W. ALLEN, J. The jury might have found upon the evidence that the stock, to recover the price of which this action is brought, was sold and delivered by the plaintiff to the defendants under an agreement that it was to be applied in part payment of the rent that should be reserved in a lease of a store that was to be given by the defendants to the plaintiff. The agreement was general and indefinite. The store was not finished at the time; when finished, the defendants were to give

the plaintiff a lease of it for five years, at an annual rent of
$1,000, of which $500 was to be allowed each year on the price
of the stock. When the lease was subsequently executed, the
$2,500 in payment of the stock was applied in reduction of the
agreement, and the rent reserved in the lease was $500, instead
of $1,000. Instead, therefore, of being applied in payment of
the rent reserved, the shares of stock were applied in payment
for a lease at a lower rent, and the delivery of the lease was
the consideration of the delivery of the stock. The defendants
entered during the term, and determined the lease under its
provisions for breach of covenant by the lessee.

The plaintiff contends that there had' been no breach of cove-
nant, and that the entry was unlawful, and that therefore he
can recover the price of the shares. The rent had not been paid
according to the covenant of the lease, and the contention of the
plaintiff is that there was evidence that the terms of the lease
regarding the time of the payment of rent had been waived by
the lessors. The rent was payable on the first day of each
month. The plaintiff contends that evidence that the rent had
not been paid monthly or regularly, that the defendants once
gave a receipt for three months' rent, part of which was in ad-
vance, and that the oral arrangement between them was that
the rent should be paid once in three months, is sufficient to
make the question of waiver one for the jury. The plaintiff
himself, however, testified that the defendants, a few weeks
before they took possession, notified him that he must comply
strictly with the terms of the lease. But we do not think this
material. If the defendants unlawfully evicted the plaintiff, it
would not make them liable for the price of the stock, and the
plaintiff's remedy would not be by an action to recover that.

*Exceptions overruled.*